# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA AND ROME DIVISIONS

In re WASEEM DAKER cases

Civil Action Nos.
1:18-cv-05243-SDG
1:22-cv-02776-SDG
4:23-cv-00213-SDG

## OPINION AND ORDER

The Court incorporates by reference its Consolidated Order, entered on February 20, 2024.[1] Daker has since filed the same motions in multiple cases: He again moves to modify the filing injunction;[2] he also moves to expedite proceedings[3] and to proceed in forma pauperis on appeal.[4]

### I.     Motion to Modify the Filing Injunction

This Court has noted on numerous occasions that, given his long history of providing false information about his finances, Daker's claims of indigence lack credibility. Accordingly, to seek relief from the contempt bond requirement he must produce a comprehensive accounting of his finances with evidentiary

---

[1]   Case 5243, ECF 90; Case 2776, ECF 18; Case 213, ECF 13 (describing the filing injunction entered against Daker in Case 5243 and noting that Daker has repeatedly sought to obtain relief from its requirements).

[2]   Motion to Modify, Case 5243, ECF 91; Case 2776, ECF 19; Case 213, ECF 15.

[3]   Motion to Expedite, Case 2776, ECF 20; Case 213, ECF 16.

[4]   Motion to Proceed IFP, Case 2776, ECF 23; Case 213, ECF 18.

support.[5] In his motion to modify the injunction, Daker claims that he has such evidentiary support, but it is buried in numerous boxes of legal materials that prison officials have left in disarray.[6] He further contends that prison officials have improperly limited his access to those records, and he seeks an order requiring that they grant him "readily available" access to the materials and let him make photocopies to send to the Court.[7] Finally, Daker asserts that he should be able to pay the contempt bond once his recently deceased parents' home is sold, and asks that the contempt bond requirement be suspended and that his cases be "allowed to proceed in the meantime."[8]

The Court previously addressed—and rejected—these same contentions as grounds to relieve him from the contempt bond requirement.[9] The instant motion raises no new arguments and Daker has not shown that he is entitled to relief.

## II. Motion to Expedite

Daker's two habeas corpus actions (Case 2776 and Case 213) were dismissed because he failed to comply with the filing injunction.[10] As there is no case or

---

[5] *See, e.g.*, Consolidated Order, Case 5243, ECF 90, at 17.

[6] *See, e.g.*, Motion to Modify, Case 5243, ECF 91, at 1–3.

[7] *Id.* at 2–3.

[8] *Id.* at 3–4.

[9] *See, e.g.*, Consolidated Order, Case 5243, ECF 90, at 12–14, 17–18.

[10] Case 2776, ECF 5; Case 213, ECF 13.

controversy before the Court in either action, Daker's motions to expedite are moot.[11] To the extent the motion to expedite seeks to "vacate, modify, or stay" the filing injunction, the motion is denied for the reasons stated in the February 20 Consolidated Order.[12]

### III. Applications to Appeal IFP

In the habeas actions, Daker intends to raise on appeal his contention that the Court abused its discretion by (1) applying the filing injunction to those cases; (2) denying his motion to modify the injunction; (3) denying his request to stay the contempt bond requirement; and (4) dismissing Case 2776 "with prejudice."[13] Daker seeks leave to take these appeals in forma pauperis.

Applications to proceed IFP are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Under both the statute and the rule, a party must show an inability to pay and the basis of the appeal. The appeal must also be brought in good faith—an objective standard that is met when a party seeks review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For the reasons discussed above and elsewhere, Daker has not demonstrated an inability to pay. He wholly failed to comply with the terms of the

---

[11]  Case 2776, ECF 20; Case 213, ECF 16.

[12]  *See generally* Consolidated Order, Case 5243, ECF 90.

[13]  *See, e.g.*, Case 2776, ECF 23, at 4.

filing injunction in initiating these habeas cases. Moreover, his appellate issues nos. (1) through (3) are frivolous for reasons that the Court has previously explained.[14] Any attempt to appeal issue no. (4) would be moot and frivolous because the Court has already acknowledged that the Order dismissing Case 2776 should have expressly stated that the dismissal was without prejudice and asked that the Court of Appeals issue a limited remand of the matter so that the Court may correct its dismissal Order.

## IV. Conclusion

The Motion to Modify [Case 5243, ECF 91; Case 2776, ECF 19; Case 213, ECF 15] and Motion to Expedite [Case 2776, ECF 20; Case 213, ECF 16] are **DENIED**. The Court also certifies that Daker's appeal is not taken in good faith. Accordingly, leave to proceed in forma pauperis on appeal [Case 2776, ECF 23; Case 213, ECF 18] is **DENIED** pursuant to 28 U.S.C. § 1915(a)(3).

**SO ORDERED** this 10th day of July, 2024.

_____
Steven D. Grimberg
United States District Judge

---

[14] *See, e.g.*, Consolidated Order, Case 5243, ECF 90.