**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

WASEEM DAKER,

    Petitioner,

               v.

BRIAN ADAMS, *Warden*,

    Respondent.

Civil Action No.
1:22-cv-02776-SDG

## OPINION AND ORDER

This action is before the Court following an evidentiary hearing that took place on June 15, 2026,[1] as well as several motions filed by Petitioner after the hearing: (1) for recusal;[2] (2) for writing supplies;[3] (3) for an evidentiary hearing;[4] (4) for access to stored legal materials;[5] and (5) for access to photocopying.[6]

## I.    Recusal Motion

Petitioner filed a third motion for recusal in this action on June 29, 2026.[7] The sole basis of the motion is a remand order from the Eleventh Circuit Court of Appeals in *Daker v. Ward*, No. 24-13121 (11th Cir. June 22, 2026). In that case, the

---

[1]    ECF 62.

[2]    ECF 66.

[3]    ECF 67-2.

[4]    ECF 68.

[5]    ECF 69, 70.

[6]    ECF 71.

[7]    ECF 66.

1

Eleventh Circuit reversed in part a decision of the Southern District of Georgia refusing to consider the merits of a timely motion by Petitioner to modify a filing injunction. The June 22 decision has no bearing on the instant case. Nor has Petitioner identified any other basis for recusal aside from his general dissatisfaction with undersigned's prior rulings. *Daker v. Warren*, 779 F. App'x 654, 658 (11th Cir. 2019) ("The district court judge was not required to recuse without some evidence that he had a disqualifying personal bias against or interest adverse . . . ."); *Daker v. Robinson*, 694 F. App'x 768, 770 (11th Cir. 2017) (holding that a magistrate judge's prior adverse rulings were not a basis for recusal).

The motion to recuse is **DENIED**.

## II.   Evidentiary Hearing

Pursuant to a limited remand order from the Eleventh Circuit Court of Appeals, this Court held an evidentiary hearing via Zoom on June 15. The circuit court directed undersigned to determine when Petitioner delivered his notice of appeal to prison authorities for mailing.[8] The notice of appeal was dated March 19, 2024, but was not filed with this Court until November 14, 2024.[9]

During the evidentiary hearing, Petitioner provided sworn testimony that he gave his original Notice of Appeal to prison authorities for mailing on March

---

[8]   ECF 47.

[9]   ECF 28.

2

19, 2024. He later learned that the original had never been received by the Court. At that point, Petitioner "wrote up" another copy of the original notice to create a replacement, which he also dated March 19, 2024. It is this second, replacement notice that was filed with this Court's Clerk on November 14, 2024. Petitioner showed the Court the carbon copy of his original Notice of Appeal during the hearing.[10]

The Court finds Petitioner's testimony credible and concludes that he provided his original Notice of Appeal to prison authorities for mailing on March 19, 2024, thereby satisfying the prison mailbox rule. This finding is supported by the Affidavit in Support of Petitioner's Request to Proceed In Forma Pauperis on Appeal signed by Petitioner on March 29, 2024, and received by the Court on April 22, 2024.[11] It would have made no sense for Petitioner to file an IFP request for an appeal without having first filed a notice of appeal. It appears that the original Notice of Appeal was lost somewhere in the mailing process, whether within the

---

[10]   During the hearing, Petitioner agreed to provide the Court with a copy of his original notice and the Court indicated that it would coordinate with prison officials to obtain the copy. Despite multiple communications with the Georgia Department of Corrections (GDOC), and GDOC's indication that it had mailed the copy of Petitioner's original notice to the Court, the Court has yet to receive the document. This course of events corroborates Petitioner's assertions about problems with outgoing mail at GDOC's facilities.

[11]   ECF 23.

prison or thereafter; the IFP request signed ten days later made its way to the Court three weeks after it was dated.

### III.    Post-Hearing Motions

Petitioner signed the pending motion for an evidentiary hearing on April 5, 2026, although it was not filed with the Court until June 29.[12] Since the Court has now conducted the evidentiary hearing, this motion is **DENIED as moot**.

Petitioner also filed a series of motions seeking access to his legal materials, writing instruments and paper, and the ability to make photocopies.[13] He asserts that he requires these to pursue his legal claims. However, this matter is before the Court on a limited remand for a specific purpose—to determine when Petitioner provided his original Notice of Appeal to prison officials. The Court has ruled in Petitioner's favor on that issue. To the extent these pending motions relate to the issue on limited remand, they are **DENIED as moot**. Otherwise, jurisdiction over this case remains with the Eleventh Circuit and the motions are **DENIED**. To the extent Petitioner seeks relief related to matters on appeal, he should present his requests to the Court of Appeals.

---

[12]    ECF 68, at 3. Petitioner also filed a motion for an evidentiary hearing with the Court on May 26, 2026 [ECF 55], which the Court denied as moot [ECF 56].

[13]    ECFs 67, 69, 70, 71.

## IV.   Conclusion

Undersigned concludes that Petitioner provided his original Notice of Appeal to prison authorities for mailing on March 19, 2024. The Clerk is **DIRECTED** to send a copy of this Order to the Eleventh Circuit Court of Appeals for docketing in *Daker v. Warden*, No. 24-13781 (11th Cir.).

Petitioner's pending motions [ECFs 66-71] are **DENIED** or **DENIED as moot** as indicated above.

**SO ORDERED** this 10th day of August, 2026.

Steven D. Grimberg
United States District Judge